POWER v. WAGNER. (Supreme Court, Appellate Division, Second Department. June 12, 1914.) Action by Michael Power against Elinora M. Wagner and others.

PER CURIAM. We think the proofs taken on the trial do not support the judgment. In view of the unusual situation presented by this case, we deem it in the interests of justice to grant a new trial. Judgment reversed, and new trial granted; costs to abide the final award of costs.

PRESS v. DOUGHERTY. (Supreme Court, Appellate Division, First Department. July 10, 1914.) Action by Pusey Press against Hugh Dougherty. No opinion. Application denied, with $10 costs. Order signed.

PRIGGE, Appellant, v. WILLETS, Respondent. (Supreme Court, Appellate Division, Second Department. July 31, 1914.) Action by Louis H. Prigge against Howard Willets. No opinion. Judgment and order unanimously affirmed, with costs.

PRINCE, Appellant, v. GLOBE & RUTGERS FIRE INS. CO., Respondent. (Supreme Court, Appellate Division, First Department. June 19, 1914.) Action by Leon M. Prince, as trustee, etc., against the Globe & Rutgers Fire Insurance Company. A. B. Nathan, of New York City, for appellant. R. J. Fox, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

PRINCE, Respondent, v. RIESER, Appellant. (Supreme Court, Appellate Division, First Department. June 26, 1914.) Action by Henry Prince against Ely J. Rieser. P. Armitage, of New York City, for appellant. J. H. Cohn, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed. See, also, 147 N. Y. Supp. 1136.

PRINCE v. RIESER. (Supreme Court, Appellate Division, First Department. July 10, 1914.) Action by Henry Prince against Ely J. Rieser. No opinion. Motion to dismiss appeal denied, without costs. Order filed.

PROSPECT LAND & IMPROVEMENT CO. v. DOWNEY. (Supreme Court, Appellate Division, Second Department. July 31, 1914.) Appeal from Special Term, Kings County. Action by the Prospect Land & Improvement Company against Wallace Downey. From an interlocutory judgment, both parties appeal. Modified and affirmed. George W. Martin, of Brooklyn (Hunter L. Delatour, of Brooklyn, on the brief), for plaintiff. J. Bradley Tanner, of New York City (Omri F. Hibbard, of New York City, on the brief), for defendant.

PER CURIAM. We think that the evidence in this case establishes misconduct on the part of the defendant, the president of this compa-ny, in that he sold property belonging to plaintiff, received the proceeds thereof to his own use, and has failed ever to account for the same. Although his conduct may have been negligent, rather than fraudulent, we think, particularly in view of the stipulation made at the close of plaintiff's case, that the matter of accounting should be sent to a referee, that so much of the judgment as is appealed from by defendant should be affirmed, and that the fourth finding of fact should be amended by adding thereto the words, "and has willfully neglected to account for or pay over the same." With regard to defendant's claim for compensation while president of the company, we think that the evidence fails to establish either an express agreement that he should be paid therefor, or that such services were outside of the scope of his official duties, either as president or director, and that the judgment should be modified by striking out so much thereof as refers it to the referee to determine "the amount of compensation the defendant is entitled to recover for the services rendered to the plaintiff." The fifth finding of fact should be amended by striking therefrom the words "which services were outside the scope of his official duties either as president or director, and for which services defendant is entitled to recover a reasonable compensation." As thus modified, the interlocutory judgment appealed from should be affirmed, with costs to the plaintiff.

PUTNAM, J., took no part.

In re PUBLIC SERVICE COMMISSION (Gravesend Ave. Route—Route No. 49.) (Supreme Court, Appellate Division, Second Department. June 11, 1914.) In the matter of the application of the Public Service Commission, etc., for the appointment of commissioners, etc.; Gravesend Avenue Route (Route No. 49). No opinion. Report confirmed, and order signed. See, also, 146 N. Y. Supp. 1109.

In re PUBLIC SERVICE COMMISSION (Nostrand Ave.). (Supreme Court, Appellate Division, Second Department. June 5, 1914.) In the matter of the application of the Public Service Commission, etc., for the appointment of commissioners of appraisal, etc.; Nostrand Avenue, from Union Street to Eastern Parkway, etc. No opinion. Motion denied, without costs.

QUINN et al., Appellants, v. O'Reilly, Respondent. (Supreme Court, Appellate Division, Second Department. May 29, 1914.) Action by John Quinn and James Quinn, copartners, etc., against James O'Reilly.

PER CURIAM. Order of the County Court of Kings County reversed, with $10 costs and disbursements, and order directed for judgment allowing plaintiffs' demurrer to defense and counterclaim pleaded in defendant's amended answer, with costs, with leave to defendant to amend the amended answer within 20 days on payment of costs. The defendant's defense is obviously insufficient in law upon its face. Defendant's counterclaim is not of the character